JOHN SANTIS V. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS.

Decided March 2, 1910.

**Contributory Negligence—Question of Law.**

A track worker was injured by being struck and thrown under the wheels by a trap door projecting from the side of a car on a passing gravel train. He knew of the approach of the train and of the projecting trap door, but erroneously supposed that he had stepped far enough from the track to clear it. Held, that there was no room for difference of opinion as to his contributory negligence, and a peremptory instruction to find for defendant was properly given.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*Eugene Williams* and *W. B. Carrington,* for appellant.—There being at the least some evidence of defendant's negligence and at the least some evidence of plaintiff's freedom from contributory negligence, the case should have been submitted to the jury, although the trial court on motion for new trial might have afterward set aside the verdict, if not supported by sufficient evidence. Texas Brokerage Co. v. Barkley & Co., 49 Texas Civ. App., 632; Burnett v. Ft. Worth L. & P. Co., 117 S. W., 175; Johnston v. Drought, 22 S. W., 290; Stevenson v. Pullman Palace Car Co., 26 S. W., 112; Citizens Ry. Co. v. Griffin, 49 Texas Civ. App., 569.

*E. B. Perkins* and *Scott, Sanford & Ross,* for appellee.—There was no evidence of any negligence on the part of the appellee and the plaintiff's own evidence shows conclusively that he was guilty of contributory negligence in fact and as a matter of law. Galveston, H. & S. A. Ry. Co. v. Faber, 77 Texas, 153; Dayton Lumber Co. v. Stockdale, 54 Texas Civ. App., 611; Morris v. Travelers' Ins. Co., 43 S. W., 898; Washington v. Missouri, K. & T. Ry. Co., 36 S. W., 779; Parrish v. Frey, 18 Texas Civ. App., 271; House v. Robertson, 89 Texas, 681; Joske v. Irvine, 91 Texas, 574; Seery v. Gulf, C. & S. F. Ry. Co., 34 Texas Civ. App., 89; Wills v. Central Ice & Cold Storage Co., 39 Texas Civ. App., 483; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 163; Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 117.

KEY, CHIEF JUSTICE.—This is a personal injury suit in which the plaintiff sought to recover damages from the defendant on account of the fact that he was injured by a gravel train on defendant's road, which injury resulted in a loss of one of the plaintiff's feet.

The defendant charged in its answer that the plaintiff was not entitled to recover because of his own negligence, which contributed to his injury.

After hearing all the testimony, the trial court instructed a verdict for the defendant, which verdict was returned, and judgment entered accordingly, and the plaintiff has appealed.

No doubt the trial court instructed a verdict for the defendant for the reason that the undisputed testimony showed that the plaintiff was guilty of contributory negligence. We have carefully read the statement of facts and have reached the same conclusion. The grounds of negligence set forth in plaintiff's petition were as follows:

"That on or about May 14, 1907, plaintiff was employed as a section hand by defendant, working as such for defendant, that while in the performance of his duties as under the immediate direction of a boss or foreman, then and there the vice-principal of defendant, a train of gravel cars pushed by an engine of defendant approached the place where plaintiff was working, and defendant failed in its duty to provide plaintiff with a safe place to work, and said boss or foreman failed to keep a proper watch to warn plaintiff of the approach of said train; that while plaintiff was so engaged in his duties the employes in charge of said train negligently caused said train and a projection from one of said cars to run over plaintiff and against plaintiff with the result that one of his feet and a portion of one leg was mashed and mangled in such a manner as to require its amputation; that said train approached plaintiff while at his work in such a manner that he did not see and could not have seen and did not hear and could not have heard said train approaching; that there was no lookout at the end of said train, as was the duty of defendant to keep, and the engineer and fireman of the engine pushing said train did not keep a lookout to see plaintiff, and were thereby negligent, or, if defendant kept a lookout at the rear of said train which was approaching toward plaintiff, the engine being at the end farthest from him, or either said engineer or fireman kept a lookout, each of said lookouts was negligent and defendant was negligent in failing to warn plaintiff of the approach of said train, and defendant and each of said employes failed to sound a whistle or ring a bell giving notice of the approach of said train, as was its and their duty; that there was a projection negligently left extending by defendant and its employes on said train out from the side of one of said cars, which contributed to plaintiff's injury by running against him, as aforesaid, and that each of said failures and acts of defendant and its employes and said boss were negligence, by reason of which negligence and each act thereof, without negligence on the part of plaintiff, he was injured, all of said acts of negligence and each act thereof being the direct and proximate cause of plaintiff's injuries."

According to the plaintiff's own testimony, the gravel train in question had already passed where he was at work two or three times that day before he was injured. He knew that it had gone to the gravel pit for gravel, and he saw it returning when it was 300 or 400 feet from him. Then he and the remainder of the crew quit work and sought safety, but he failed to move far enough away from the track and was struck by something which was projecting from the side of one of the gravel cars. The train was backing, and the first car as it approached was a caboose, which did not strike the plaintiff, and he was struck by the projection referred to on the second car. He stated repeatedly that he saw the train approaching,

saw the projection referred to and that it was a trapdoor used for the purpose of loading and unloading gravel. The plaintiff's attorneys attempted to show that the projection referred to was not a trapdoor hanging down, but was what is called a "dozier," an implement used for the purpose of spreading gravel; and they put in evidence an averment in a former answer which had been abandoned by the defendant, to the effect that on the occasion in question there was a dozier on the gravel train and the plaintiff was aware of that fact and was guilty of contributory negligence in not getting far enough away to avoid contact with it. The plaintiff testified that he did not see any dozier on the car, and, though he could not state positively, said he was satisfied that he was hit by the trapdoor. He testified that when he saw the train approaching, and saw the trapdoor hanging down, or whatever the projection was, he stepped back what he supposed to be sufficient distance to avoid being struck, and then he turned his back, took out his pocket-knife and was preparing to cut a chew of tobacco when he was struck and injured.

While we think it appears with reasonable certainty that the plaintiff was struck by a trapdoor projecting from one of the cars, we consider it immaterial whether the projection was a trapdoor or a dozier. It is quite clear from the plaintiff's testimony that he saw the train approaching and saw the projection, but, notwithstanding those facts, and the further fact that he was an experienced railroad employe, he neglected to remove himself out of danger; and, instead of keeping a lookout for the projection on the car in order that he might avoid it, he turned his back and devoted his attention to a matter of much less importance to him.

Upon this state of facts we do not believe that reasonable room exists for difference of opinion among fair-minded persons upon the proposition that the plaintiff, on the occasion in question, failed to exercise such care for his own safety as persons of ordinary prudence would have exercised, under the same or similar circumstances. (Dayton Lumber Co. v. Stockdale, 54 Texas Civ. App., 611, 118 S. W., 805; Austin Electric Railway Co. v. Lane, 55 Texas Civ. App., 577, 120 S. W., 1011.)

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.